Manly, J.
 

 There is no error in the judgment of the Court below. The words “ for the hire of a boy, Wesley, for the year 1858,” incorporated into the bond, do not import a condition precedent or a covenant for the service of the slave, but is simply a reference to a transaction, (viz., the hire of a slave) which formed the
 
 consideration
 
 of the bond. It is the form commonly adopted for securing the money for the annual hire of slaves throughout our country, and it has never-been construed to involve a condition or covenant, dependant upon which the money is promised. The construction thus* given is not affected, as we think, by the fact, that the day of' payment is fixed at the close of the term of service.. There-are obvious reasons for this postponement, discoverable in-the contents of the paper, without holding the
 
 service
 
 a
 
 condition
 
 precedent, upon which depended the money payment.
 

 According to this construction of the bond, it will follow, in obedience to well-established principles, that the entire sum
 
 *18
 
 of money secured should be recovered, subject to no deduction for a partial failure of consideration. The bond not being void for any reason, it is wholly recoverable in a court of law, and if the defendant have substantial cause of complaint, he must seek his remedy through a cross action.
 

 The case before us is distinguishable from that of
 
 Niblett
 
 v. Herring, 4 Jones’ Rep. 262, to which our attention lias been called. This latter case was an action of assumpsit, arising out of a contract for the-service of a slave for a year, and it appeared that when the service was about half performed, the plaintiff took the slave away from the defendant against his will. It was held in that case, that the contract for service was entire and executory, and an action for the promised compensation, or for a
 
 quemfoom
 
 meruit, could not be maintained, because of the entiretj^ of the contract upon which the promise was based — its non-performance, and the absence of all legal excuse for the failure. In the case before us, the contract, forming the consideration of the bond, (viz., the tradition of the slave, with a right of dominion over him) being executed, and a bond taken for the money, we cannot go behind the bond and enquire whether the obligee has not done something to interfere with the obligor’s rights, and thus impair the value of the consideration. A bond without any consideration, or, with an inadequate consideration, .is good in a court of law. Nothing in respect to consideration is enquirable into except immoral or illegal taint.
 

 We think the ruling in the case of
 
 Niblett
 
 v. Herring, maybe justified under the authorities cited by the Court. The distinctions taken in such cases are often quite subtile, and not always characterised by very manifest differences, but upon the facts of that case, it would seem clear, there could be no recovery upon the special promise, and that the law would not raise an assumpsit to pay any less amount upon the
 
 quantum meruit
 
 count.
 

 Per Curiam,
 

 Judgment affirmed.